UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CECILE A BROWN, | CASE NO. C21-662 MJP |
| Plaintiff, | ORDER DECLINING TO SERVE COMPLAINT AND DISMISSING ACTION WITH PREJUDICE |
| v. | |
| JOHN C COUGHENOUR, et al., | |
| Defendants. | |

This matter comes before the Court sua sponte after reviewing the complaint filed in the above-captioned matter. Plaintiff Cecile A. Brown, acting pro se, has filed a complaint against Judge John C. Coughenour and the "U.S. District Judges Chambers" through which she seeks monetary damages. (See Complaint (Dkt. No. 6).) Although Brown has been granted leave to proceed in forma pauperis, the Court declines to serve the complaint and finds the action subject to dismissal with prejudice.

Brown's complaint alleges that Judge Coughenour and "Chambers" violated her due process rights when Judge Coughenour dismissed two civil actions that Brown filed "without

ruling on the merits," terminated a motion to reopen her case, and did not give her, a pro se litigant, wide latitude in litigating her claims. (See Dkt. No. 6 at 6-11.) Brown pursues claims against Judge Coughenour and "Chambers" in their individual capacities under 42 U.S.C. § 1983. (Id. at 2.) Brown seeks $50 million in damages for what she alleges is a "wrongful termination" of her lawsuits. (Id. at 12.)

The Court must dismiss an in forma pauperis complaint if it fails to state a claim upon which relief may be granted or if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Here, the Court finds Brown's complaint does not state a claim for which relief can be granted and must be dismissed because all of the claims are subject to judicial immunity. As the Supreme Court has explained:

> this Court has consistently adhered to the rule that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities. Pierson v. Ray, 386 U.S. 547 [87 S.Ct. 1213, 18 L.Ed.2d 288] (1967); Stump v. Sparkman, 435 U.S. 349 [98 S.Ct. 1099, 55 L.Ed.2d 331] (1978)."

Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L.Ed.2d 185, 189 (1980) (quoting Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 734–735, 100 S.Ct. 1967, 1976, 64 L.Ed.2d 641 (1980)). Here, Brown seeks money damages for acts that Judge Coughenour took in his judicial capacity as a Senior District Court Judge—dismissing the actions, refusing to reopen the cases, and not giving Brown wide latitude as a pro se litigant. (Dkt. No. 6 at 5, 10-12.) The doctrine of judicial immunity forecloses these claims. And although Brown has checked a box stating that she is suing Judge Coughenour and "Chambers" in their individual capacities, the complaint makes clear she only challenges the acts that Judge Coughenour took in his judicial capacity. This does not allow Brown to avoid the preclusive effect of judicial immunity. So while Brown has every right to disagree with the rulings made by Judge Coughenour and appeal those rulings to the Court of Appeals, she cannot pursue the claims alleged in her

1 | complaint given the doctrine of judicial immunity. The Court therefore DISMISSES the claims

2 | with prejudice and declines to serve the complaint. See 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

3 | The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

4 | Dated May 27, 2021.

*[signature]*

Marsha J. Pechman
United States Senior District Judge